IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA


HAROLD J. YOUNG, SR.,       )
           Plaintiff    )
               )
    vs.            )        Civil Action No. 08-681
               )        Judge David Stewart Cercone
EDITH YOUNG, WIFE; MERCK & CO.  )        Magistrate Judge Amy Reynolds Hay
INC.,            )
          Defendants  )


REPORT AND RECOMMENDATION

I.     RECOMMENDATION

It is recommended that the motion to dismiss filed by Merck & Co., Inc. be granted and

that the Complaint be dismissed in its entirety pursuant to 28 U.S.C. §1915(e)(2).

II.     REPORT

Harold J. Young, Sr. ("Plaintiff" or "Young") petitioned to proceed *in forma pauperis*.[1]

This Court granted that request. Dkt. [1]. Thereafter, Plaintiff's thirty-four page "complaint,"

alternately titled as "Restraining Order," "Motion for an Emergency Restraining Order," "New

Matter," "Answer," and "Counterclaim" was filed. Dkt. [3]. Plaintiff named as defendants

"Edith Young, his wife" and Merck & Co., Inc. ("Merck"). Formal service of process was never

effectuated. Nevertheless, Merck learned of the lawsuit, waived formal service and filed a

---

[1] Plaintiff has attempted to bring claims against Merck and Edith Young on previous occasions, which were dismissed prior to service. See Young v. Merck & Co., Inc., 800 F.2d 1142 (3d Cir. 1986)(table); Young v. Commonwealth of Pennsylvania, No. 2:97-cv-01748-DWA (W.D.Pa.). It also appears that District Judge David Stewart Cercone dismissed two complaints filed by Plaintiff which contain allegations against Merck that are similar to those contained in the instant complaint. See Young v. Commonwealth of Pennsylvania, No. 2:06-cv-00440-DSC, slip op. (doc. 3) (W.D.Pa. Oct. 10, 2007) and Commonwealth of Pennsylvania v. Young, No. 2:06-cv-00330-DSC, slip op. (doc. 3) (W.D.Pa. October 11, 2006).

motion to dismiss.  Dkt. [13].  Plaintiff filed a "response."  Dkt. [16].  Merck filed a reply.  Dkt.

[18].  The motion is now ripe for review.

    A.  Factual Background

    Merck has described the instant "complaint" as follows:

> Young's prolix complaint, to the extent it can be deciphered,
> alleges a panoply of fancifully imagined and wholly unsupported
> wrongs. ... The complaint is entirely devoid of reason, as well as
> legal and factual support. ... Factually, it is simply impossible to
> determine the basis for Young's complaint."

Merck's Memorandum of Law in Support of its Motion to Dismiss, Dkt. [13-2] at pp. 6-7.  We

agree.

    B.  Discussion

    Congress has provided that the courts shall dismiss actions brought by persons granted *in

forma pauperis* status "if the court determines that ... the action ... is frivolous [or] fails to state a

claim on which relief may be granted ..."  28 U.S.C. § 1915(e)(2).   As noted above, Plaintiff has

been granted *in forma pauperis* status.  Dkt. [1].  Thus, Section 1915(e)(2) is applicable herein.

    The U.S. Supreme Court has instructed that section 1915 provides the Court with the

authority "to dismiss a claim based on an indisputably meritless theory, but also the unusual

power to pierce the veil of the complaint's factual allegations and dismiss those claims whose

factual contentions are clearly baseless."  Neitzke v. Williams, 490 U.S. 319, 327 (1989).

Indeed, not only is a court permitted to sua sponte dismiss a complaint that is frivolous or fails to

state a claim, but the court is required to do so by the mandatory language, i.e., "the court shall

dismiss," utilized by Section 1915(e).  See Keener v. Pennsylvania Bd. of Probation and Parole,

128 F.3d 143, 145 n.2 (3d Cir. 1997)(describing 28 U.S.C. § 1915(e)(2)(B) as "the PLRA

provision mandating sua sponte dismissal of *in forma pauperis* actions that are frivolous or fail to state a claim").

　　　　　1.　Frivolousness

A complaint is frivolous where it is comprised of "fantastic or delusional scenarios," Neitzke, 490 U.S. at 328, or the court "determines that the claim is of little or no weight, value, or importance, not worthy of serious consideration, or trivial." Deutsch v. United States, 67 F.3d 1080, 1089 (3d Cir. 1995). Dismissal is appropriate "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Denton v. Hernandez, 504 U.S. 25, 33 (1992). Ultimately, "frivolousness is a decision entrusted to the discretion of the court ... ." Id.

Here, as best we can decipher, plaintiff's claim is that "Merck & Co. Inc. and the Romano Professional Mafia" and Edith Young have committed various misdeeds against him over the course of many years. The "complaint" is comprised of largely unintelligible and disjointed paragraphs or passages. The following is typical of the allegations contained in the 34-page "complaint."

> The judiciary members think that $486 billion dollars is too much for an Afro-American male, but the United States Supreme Court has rules forty-four years ago. [Merck] and The Romano Professional Mafia are on the wrong side of the ruling, due to their choice of illegal criminal conduct actions. (Complaint at p. 2)

> Rahway Police called to 912 Thorn Street, Rahway, NJ twenty-six times within four Years, due to [Merck] $10.7 million dollars money laundering, while the combination of Rahway Police Department and Merck & Co. Inc. Plant Site Security had me subpoenaed to Magistrate Court thirty-eight times. A *big set-up* threatened for Edith Young's murder and Harold J. Young's jailing for the Romano(s) murder scene. Any act or threat involving

3

murder, kidnapping [sic], gambling, arson, robbery, bribery, extortion, dealing in obscene matter, section 664 (relating to embezzlement from pension and welfare funds), sections 891-894 (relating to extortionate credit transactions), section 1028 (relating to fraud and related activity in connection with identification documents). (Complaint at p. 6)

[Merck] wanted to do research and testing on Harold J. Young, Edith Young, I had not seen in four months, went to the courts claiming she was afraid of Harold J. Young [] Harold J. Young did not create the murder scheme scenario. The court ordered closed Locked-up evaluation. Whose benefit? ... (Complaint at p. 6)

I, Harold J. Young, an Afro-American, sixty-eight years old, a former Staff Research Chemist for [Merck] from August 4, 1969 until February 1, 2008. I have tried to stop the invasion of my privacy by [Merck] and the Romano(s) since 1975, being approximately 400 miles is not far enough. ... (Complaint at p. 7)

I was kidnapped [sic] and injured in Rahway Hospital, supposedly under the safety of the United States Surgeon General, due to [Merck] money laundering of $500,000 ... (Complaint at p. 8)

I had a wife, a cook, a mother and house keeper until [Merck] corrupt interference of criminal conversation and Edith Young begin poising my foods with lead substances and arsenic, or attempted first degree murder. Edith Young gave permission in Rahway Hospital for disfiguration of lobotomy, which facilitated [Merck] in the breach of my Staff Research Chemist Employment Contract and violation of Title VII of the Civil Rights Act of 1964. I am asking [Merck] to pay $8,400.00 per month or $100,800.00 per year for a cook and housekeeper until my death or final day of rest or death. (Complaint at p. 9)

Young's entire "complaint" is based upon factual scenarios that are fanciful, delusional and/or

undecipherable. These are precisely the types of allegations that Section 1915(e) is designed to

address. See, e.g., Hines v. United States, 166 Fed.Appx. 610, 611 (3d Cir. 2006)

(dismissing complaint pursuant to Section 1915(e)(2)(B)(I) where plaintiff alleged that the

federal government and others had tortured him with poisonous gas for 12 years "whenever he

tried to study toward his career goals"); Czmus v. Meehan, 08-1675, 2008 WL 4361046, at *2 (E.D.Pa. Sept. 24, 2008)(dismissing as frivolous allegations of a "far reaching and elaborate conspiracy" by the Department of Homeland Security and a number of insurance companies). Accordingly, Young's "complaint" should be dismissed as frivolous pursuant to Section 1915(e)(2)(B)(I).[2]

Dismissal of the "complaint" should be *with prejudice* because the filing of an amended complaint would not cure the deficiencies present in the initial complaint. See Oran v. Stafford, 226 F.3d 275, 291 (3d Cir. 2000)(The court "may deny leave to amend on the grounds that amendment would cause undue delay or prejudice, or that amendment would be futile.").

Additionally, it appears that Young should be placed on notice that should he continue to file frivolous actions in this court, "he may well face the entry of sanctions ...[for which his] status as a *pro se* litigant is no excuse." Tauro v. Pennsylvania Dept. of Public Welfare, No. Civ.A. 05-480, 2005 WL 3003081, at *3 (W.D.Pa. Nov. 9, 2005).

2. Failure to State a Claim

Dismissal would also be proper under Section 1915(e) for failure to state a claim. In reviewing a complaint under Section 1915(e) to determine if it fails to state a claim upon which relief can be granted, a federal district court applies the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). See, e.g., Tucker v. Angelone, 954 F.Supp. 134, 135 (E.D. Va.) ("Under 28 U.S.C. §§ 1915A, 1915(e) and 42 U.S.C. § 1997e (c) the courts are directed to dismiss any claims made by inmates that 'fail to state a claim upon

---

[2] For the same reason, plaintiff's allegations against Ruth Young are frivolous within the meaning of Section 1915(e) and should be dismissed sua sponte, *with prejudice*.

which relief could be granted'.  This is the familiar standard for a motion to dismiss under

Fed.R.Civ.P. 12(b)(6)."), aff'd, 116 F.3d 473 (4ᵗʰ Cir. 1997) (Table).

Under Rule 12(b)(6), the question to be resolved is: whether, taking the factual

allegations and all reasonable inferences to be drawn therefrom, are the "factual allegations . . .

enough to raise a right to relief above the speculative level, on the assumption that all the

allegations in the complaint are true even if doubtful in fact[.]"  Bell Atlantic Corp. v. Twombly,

127 S.Ct. 1955, 1964-1965 (2007).  Or put another way,  a complaint may be dismissed pursuant

to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted if it does not

plead "enough facts to state a claim to relief that is plausible on its face."  Id. at 1974.  While

well-pleaded allegations in the complaint must be taken as true, the court need not "credit a

complaint's 'bald assertions' or 'legal conclusions.'"  California Public Employees' Retirement

System v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004)(citation omitted).

As noted, the "complaint" here is largely unintelligible.  To the extent that any claim can

possibly be deciphered, the "complaint" nevertheless fails to plead sufficient facts to plausibly

support a legitimate claim.  See Bell Atlantic, 127 S.Ct. at 1974.  As but one example, Young

invokes federal jurisdiction pursuant to 42 U.S.C. § 1983.  However, even a most generous

reading[3] of the "complaint" fails to reveal any factual support for a Section 1983 action.  In order

to establish a Section 1983 cause of action, a plaintiff must allege (1) that there was a person

acting under color of state law (2) whose actions under color of state law caused him to be

deprived of rights, privileges, or immunities secured by the Constitution or laws of the United

---

[3]  In reviewing complaints as mandated by Section 1915(e)(2), courts accord a more liberal
reading of the complaint, employing less stringent standards, when considering pro se pleadings than
when judging the work product of an attorney.  Haines v. Kerner, 404 U.S. 519 (1972).

States.  West v. Atkins, 487 U.S. 42 (1988).  There is nothing discernable in the "complaint" to even suggest that either defendant could be said to have acted under color of state law.  Accordingly, Plaintiff is unable to maintain a Section 1983 action against them.

Similarly, plaintiff offers no factual support for any claim of a conspiracy between Merck, Ruth Young and/or the "Romano Professional Mafia" pursuant to the Racketeering Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961, which mandates specific pleading of certain predicate acts.  See Bonavitacola Elec. Contractor, Inc. v. Boro Developers, Inc., 87 Fed. Appx 227, 231 (3d Cir. 2003).[4]  The same failure to properly plead a claim is patently obvious as concerns all of plaintiff's other claims.  Throughout the "complaint" plaintiff provides little more than a recitation of a legal phrase or a citation to a statute, followed by, at best, bald assertions and legal conclusions.  According to the Supreme Court, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions ... ."  Bell Atlantic, 127 S. Ct. at 1964 (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986).  Having failed to provide any factual predicate for any cognizable action, Young's "complaint" should be dismissed for failure to state a claim pursuant to Section 1915(e)(2)(B)(ii).[5]

As well, any dismissal here should be *with prejudice* because the filing of an amended complaint would not cure the deficiencies present in the initial complaint.  See Oran v. Stafford, 226 F.3d  at 291.

---

[4] As well, there is not one "claim" asserted for which plaintiff has provided the "fair notice" and "grounds" on which the claim rests as required by Fed.R.Civ.P. 8(a)(2).  Hence, the "complaint" is also subject to dismissal for failing to meet the requirements of Rule 8(a)(2).

[5] Moreover, it appears that any claims that could possibly be deciphered and factually supported would be time barred since Young contends that the actions taken against him occurred over 20 years ago, in the 1980's.

III.    CONCLUSION

For the above-stated reasons, it is respectfully recommended that the "complaint" be

dismissed in its entirety as against all defendants, with prejudice.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule

72.1.4. B, the parties are permitted to file written objections and responses thereto in accordance

with the schedule established in the docket entry reflecting the filing of this Report and

Recommendation.  Failure to timely file objections may constitute waiver of any appellate rights.

Respectfully submitted,

/s/  *Amy Reynolds Hay*
United States Magistrate Judge

Dated: 23 March, 2009

cc:     Hon. David Stewart Cercone
        United States District Judge

        Harold J. Young, Sr.
        160 Delaware Drive
        Coraopolis, PA 15108

        All counsel of record by Notice of Electronic Filing